IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00641-BNB

FRANKIE L. VIGIL,

     Applicant,

v.

WARDEN MILYARD,

     Respondent.



FILED
UNITED STATES DISTRICT COURT
R. COLORADO

MAY - 4 2007

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Frankie L. Vigil, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado.  Mr. Vigil has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2006).  As relief he asks "to have the illegally (24) years removed from the (48) year sentence received in my Denver Case No. 88CR1327.  The fact that the case used to aggravate 88CR1327 was not legally firm, and was not firm till 11 days after the sentence in Denver.  That would leave a maximum of (24) years in the presumptive range on the Denver Case 88CR1327."  Application at 9.

The Court must construe the application liberally because Mr. Vigil is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the

*pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Vigil will be ordered to file an amended application.

The Court has reviewed Mr. Vigil's application and finds that it is deficient. The application fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Vigil's application is vague. Although he appears to be asserting claims pursuant to 28 U.S.C. § 2254 because he is challenging the validity of his conviction and sentence, he also appears to be asserting a claim pursuant to 42 U.S.C. § 1983 (2006) because he is challenging the conditions of his confinement. Generally, a prisoner's challenge to his conditions of confinement is cognizable in a civil rights action. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991). To the extent Mr. Vigil asserts claims challenging the validity of his conviction and sentence, he may do so in the instant habeas corpus action pursuant to § 2254. To the extent he is

challenging the conditions of his confinement, he must do so in a separate § 1983 action.

The application also is deficient because Mr. Vigil fails to allege facts that are necessary for the Court to determine whether the application is filed within the one-year limitation period in 28 U.S.C. § 2244(d). He specifically fails to allege the specific date on which his conviction and sentence were affirmed on direct appeal.

Although Mr. Vigil has failed to comply with Fed. R. Civ. P. 8, he will be given an opportunity to file an amended application. In the amended application, he must assert only claims appropriate in a 28 U.S.C. § 2254 action, specify the date on which the Colorado Court of Appeals affirmed his conviction and sentence on direct appeal, and assert clearly the specific facts that support each asserted claim. Mr. Vigil also must demonstrate that he has exhausted state remedies as to each asserted claim. *See Montez*, 208 F.3d at 865. The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state's highest court. *See Castille v. Peoples*, 489 U.S. 346, 350-51 (1989). Accordingly, it is

ORDERED that Mr. Vigil file **within thirty (30) days from the date of this order** an amended application that complies with this order. It is

FURTHER ORDERED that the amended application shall be titled "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

3

FURTHER ORDERED that the clerk of the Court mail to Mr. Vigil, together with a copy of this order, two copies of the Court-approved form for use in filing the amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  It is

FURTHER ORDERED that if Mr. Vigil fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without further notice.

DATED May 4, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  07-cv-00641-BNB

Frankie L. Vigil
Prisoner No. 60453
Arkansas Valley Corr. Facility
PO Box 1000 - 3-A-3-10
Crowley, CO 81034


I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on_____5-4-07

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk